IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| CHARLES REED, | ) | CASE NO. 8:08CV245 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM AND ORDER |
| v. | ) | ON MOTION TO DISMISS |
| | ) | AMENDED COMPLAINT |
| GREAT WESTERN BANK, | ) | |
| | ) | |
| Defendant. | ) | |

Defendant Great Western Bank ("Great Western") has moved to dismiss Plaintiff Charles Reed's Amended Complaint (Filing No. 10) under Fed. R. Civ. P. 9(b) and 12(b)(6). For the reasons stated below, the Motion to Dismiss (Filing No. 12) will be granted in part, denied in part, and this matter will be remanded to the District Court of Douglas County, Nebraska, for further proceedings.

**PROCEDURAL AND FACTUAL BACKGROUND**

Reed sued his former employer, Great Western, in the District Court of Douglas County, Nebraska, on May 19, 2008. (Filing No. 1-2). He alleged that he worked for Great Western from November 2001 to October 2004, and that he was induced to leave other employment and return to work at Great Western in August 2005 after Great Western led him to believe that it would be open and amenable to his innovative ideas for promoting and processing mortgage loans. *Id.* ¶¶ 3-6. Reed contends that Great Western had no intention of abiding by the representations it made to him, and/or Great Western violated its own internal procedures by making certain "bad" loans that diverted its attention from following through on the representations it made to him. *Id.* ¶¶ 7-9. Great Western discharged Reed from employment on or about April 8, 2008, allegedly in violation of "the

agreement." *Id.* ¶¶ 10, 11.  Reed sought compensatory damages of "no less than 2 million dollars," and other relief.

Great Western removed the action to this Court on June 12, 2008, invoking the Court's jurisdiction based on diversity of citizenship of the parties,[1] and moved to dismiss the Complaint on July 21, 2008.  Reed filed an Amended Complaint on August 1, 2008.  (Filing No. 10).  In the Amended Complaint, Reed made the same general assertions, but added a claim for commissions allegedly owed to him from Great Western "totaling approximately $10,000."  *Id.* ¶¶ 21-23.

## STANDARD OF REVIEW

Because this case is before the Court pursuant to its diversity jurisdiction, the Court will apply the substantive law of the forum state, Nebraska, but will apply federal procedural law.  *Great Plains Trust Co. v. Union Pacific R.R. Co.,* 492 F.3d 986, 995 (8th Cir. 2007) (citing *Erie R.R. v. Tompkins*, 304 U.S. 64, 78 (1938)).

Federal procedural law requires that allegations of fraud be pled with particularity.  Fed. R. Civ. P. 9(b).  *Great Plains Trust Co.,* 492 F.3d at 995.  "'This means the who, what, when, where, and how: the first paragraph of any newspaper story.'"  *Id.* (quoting *DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990)).

Great Western's motion to dismiss under Fed. R. Civ. P. 12(b)(6) challenges the sufficiency of the factual allegations in the Amended Complaint.  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires

---

[1] Reed is a resident of Nebraska. Great Western is a South Dakota corporation, with its principal place of business in South Dakota.

more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . . " *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* Although a court must take all factual allegations as true when considering a motion to dismiss, it need not accept conclusory legal allegations. *Papsan v. Allain*, 478 U.S. 265, 286 (1986).

## ANALYSIS

Reed's Amended Complaint contains factual allegations and a general prayer for relief, but does not frame specific causes of action. Liberally construing the Amended Complaint, the Court infers three causes of action: Fraud, wrongful termination, and breach of contract.

Reed's claim that Great Western fraudulently induced him to leave other employment to return to work at Great Western lacks the particularity required by Fed. R. Civ. P. 9(b). ("In alleging fraud . . . a party must state with particularity the circumstances constituting fraud . . . ."). Reed's Amended Complaint lacks the "who, when, and where" of the alleged fraud, and simply alleges that Great Western gave him general assurances about its intentions to implement Reed's innovative mortgage loan strategies in an effort to induce him to return to work at Great Western.

Reed's claim for wrongful discharge also fails to state a claim on which relief can be granted. The Nebraska Supreme Court has stated:

> Unless constitutionally, statutorily, or contractually prohibited, an employer, without incurring liability, may terminate an at-will employee at any time with or without reason. See *Blair v. Physicians Mut. Ins. Co.*, 242 Neb. 652, 496 N.W.2d 483 (1993); *Goodlett v. Blue Cross,* 234 Neb. 5, 449 N.W.2d 9 (1989); *Johnston v. Panhandle Co-op Assn.*, 225 Neb. 732, 408 N.W.2d 261 (1987). An employee's at-will status can be modified by contractual terms

3

>that may be created by employee handbooks and oral representations. *Hebard v. AT & T,* 228 Neb. 15, 421 N.W.2d 10 (1988).

*Hillie v. Mutual of Omaha Ins. Co.*, 512 N.W.2d 358, 361 (Neb. 1994).  It is the plaintiff's burden to prove the existence of the contract and all the facts essential to the cause of action.  *Id.* at 361.  "[A]n employee's subjective understanding of 'job security' is insufficient to establish an implied contract of employment to that effect."  *Id.* at 362.

The Nebraska Supreme Court has recognized a very narrow exception to the employment-at-will doctrine when an employer discharges an employee who refuses an employer's demand or request that the employee do something contrary to the law or contrary to clearly mandated public policy.  "The right of an employer to terminate employees at will should be restricted to exceptions created by statute or those instances where a very clear mandate of public policy has been violated."  *Ambroz v. Cornhusker Square Ltd.*, 416 N.W.2d 510, 515 (Neb. 1987).

While Reed alleges that his termination by Great Western was "contrary to the terms of the agreement" (Filing No. 10, ¶ 20), he has not alleged the existence of any employment agreement.  Liberally construing the Amended Complaint, this Court cannot infer that Great Western made any representations – oral, written or implied – that Reed's employment would be other than "at will."  Nor does Reed allege circumstances from which the Court can infer any public policy exception modifying his status as an at-will employee.

Finally, with respect to Reed's claim for "earned commissions," the Court liberally construes Reed's Amended Complaint as alleging that he had an agreement with Great Western for the payment of certain commissions that he earned and that Great Western failed to pay.  While the Amended Complaint thereby survives a motion to dismiss, the amount in controversy, $10,000, is well below this Court's diversity jurisdictional threshold

of $75,000. *See* 28 U.S.C. § 1332. The Court, therefore, lacks subject matter jurisdiction, and the case will be remanded to the District Court of Douglas County, Nebraska.

Accordingly,

IT IS ORDERED:

1. The Defendant Great Western Bank's Motion to Dismiss Plaintiff's Amended Complaint (Filing No. 12) is granted in part:

    a. Plaintiff Charles Reed's claim of fraud is dismissed with prejudice; and

    b. Plaintiff Charles Reed's claim of wrongful termination is dismissed with prejudice.

2. Because this Court lacks jurisdiction over the Plaintiff Charles Reed's remaining claim against Great Western for unpaid commissions, this action is remanded to the District Court of Douglas County, Nebraska, for further proceedings.

DATED this 9th day of August, 2008.

                                  BY THE COURT:

                                  s/Laurie Smith Camp
                                  United States District Judge